[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from CT Page 3861 allegedly unlawful confinement resulting from a judgment of conviction against the petitioner, after a jury trial, of sexual assault first degree, in violation of General Statutes 53a-70(a), and failure to appear first degree, in violation of General Statutes 53a-172, upon which judgment the petitioner received a total, effective sentence of fifteen years, execution suspended after twelve years, probation three years.
In the first count of his petition, the petitioner contends that statements he made to the arresting officer were obtained without the required Miranda warnings and were later used against him at his criminal trial. The respondent denies both of these contentions and also asserts that the petitioner has failed to demonstrate good cause and prejudice for his failure to raise his Miranda warnings violation at trial.
The petitioner's judgment of conviction was upheld on direct appeal, State v. Irving, 27 Conn. App. 279 (1992). The petitioner has also been known as Wendell Irving.
 I
With respect to the first count, involving the purported absence of Miranda warnings as a predicate for admission of the petitioner's statements to the arresting officer, it should be noted that the petitioner attempted to raise this claim in his direct appeal, Id., 282. At p. 284, the Appellate Court declined his invitation to address the merits of this claim under State v. Golding, 213 Conn. 233 (1989), because the petitioner failed to raise the claim at his criminal trial by objection or motion to suppress and thereby preserve a sufficient record for appellate review. The petitioner now attempts to resurrect this claim by way of habeas corpus review.
Our Supreme Court has adopted the cause and prejudice standard of Wainwright v. Sykes, 433 U.S. 72 (1977), as a prerequisite for habeas corpus review of claims that procedurally could have been addressed at trial but were not pursued, Johnson v. Commissioner,218 Conn. 403, 419 (1991). Clearly, the petitioner had available at his criminal trial two procedures for raising this claim. As noted by the Appellate Court decision in his direct appeal, the petitioner neither pursued a pretrial motion to suppress his statements, which motion had been filed, nor objected to their admission during trial, State v. Irving, supra, 283. CT Page 3862
At the habeas hearing, Attorney Moscowitz, testified that he deliberately declined to press the motion to suppress these statements because he felt that the statements tended to exonerate the petitioner, showed his willingness to cooperate with the investigation, and were consistent with the defense theory of consensual intercourse. The mere fact that trial counsel fails to raise a claim, despite recognizing it, does not constitute good cause for a procedural default, Johnson v. Commissioner, supra, 422. The deliberate decision by trial counsel to abandon this claim in order to gain a tactical benefit can never, alone, constitute good cause to excuse the default and satisfy the cause component of the Wainwright standard of reviewability. Having failed to meet his burden in this regard, the habeas court cannot address the merits of this claim.
This failure, of course, does not prevent the petitioner from asserting that trial counsel's decision in this regard amounted to ineffective assistance, which the petitioner has asserted in the second count of the petition.
 II
Turning to the second count, the court observes that our Supreme Court has adopted the two-pronged, Strickland test for evaluating ineffective assistance claims, Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different, Id.
As to the first, or performance, prong of the Strickland standard, the petitioner must establish that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v. Commissioner, supra, 425. This standard of reasonableness is measured by prevailing professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
The petitioner's claim of ineffective assistance is unspecified in alleging a general lack of preparedness for trial. The petitioner presented no expert testimony regarding professional standards pertaining to this claim. Attorney Moscowitz testified CT Page 3863 as to his preparation, his actions, decisions, and efforts on behalf of the petitioner. He explained the reasoning behind his decisions, such as outlined above with respect to his decisions not to pursue the motion to suppress the petitioner's statements. The court finds Attorney Moscowitz's version of events, credible, reasonable, and persuasive. In contrast was the petitioner's version which the court finds inconsistent with his testimony at his criminal trial, self-serving, and unworthy of belief.
The court finds no proven instance in which Attorney Moscowitz's preparation or performance fell below any objective standard of reasonableness. Thus, the petitioner has failed to meet his burden of proof.
For these reasons, the petition is dismissed.
Sferrazza, J.